CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1909.

Yazoo & Mississippi Valley Railroad Co. *v.* Mrs. John M. Hughes.*

[50 South. 627.]

CARRIERS. *Punitive damages. Negligence.*

Plaintiff and her two infant children boarded defendant's train at Vicksburg, intending to go to Natchez. It was necessary to change cars at Harriston. As the train was approaching Glass the flagman of the train came through the car calling the name of the station Glass, and plaintiff misunderstanding the name, arose and prepared to disembark. According to her testimony (which is denied by the flagman), she asked the flagman twice if the town the train was approaching was Harriston and he replied "yes, ma'm." After alighting from the train with her children plaintiff discovered that the place was the town of Glass and not Harriston. Through the courtesy of local parties she was enabled to ride back in a buggy to Vicks-

---

*This case was decided at the October Term 1909, but by mistake was not reported at that time.

(95)

burg without incident and the next day using the same ticket she reached Natchez in safety. No discourtesy on the part of the railroad employees was claimed. *Held*, that this was not a case for the infliction of punitive damages and the court should have so instructed.

APPEAL from the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Mrs. Hughes, the appellee, was plaintiff in the court below, and the railroad company, appellant, was defendant there. From a judgment in favor of the plaintiff the defendant appealed to the supreme court.

Plaintiff and her two infant children boarded the defendant's train at Vicksburg intending to go to Natchez. It was necessary to change cars at Harriston, an intermediate point two hours' distance from Vicksburg. As the train was approaching the town of Glass, about thirty minutes' run from Vicksburg, the flagman of the train came through the car calling the name of the town, and Mrs. Hughes, misunderstanding the name of the town, arose and prepared to disembark when the train should stop. According to her testimony she asked the flagman twice if the town the train was approaching was Harriston and that that employee replied, "yes ma'am." After alighting from the train with her children and after the train had gone she discovered that the place was Glass and not Harriston. Through the courtesy of local parties at Glass she and her children were enabled to ride, by buggy, back to Vicksburg without incident; and on the ensuing day she and her children again boarded the defendant's train and reached Natchez safely, using the same ticket which she had used the day before. She subsequently sued the defendant company for $10,000 compensatory and punitive damages alleged to have resulted from the alleged negligence of the railroad company in the premises. She testified that she was very nervous and upset as a result of her experience and for about a week thereafter suffered with headache.

There was no proof of any other injury, and she herself testified that there had been no mistreatment or discourtesy on the part of the employees shown her, save the alleged incorrect naming of the town by the flagman. The flagman on the trial denied that plaintiff asked him if the town was Harriston, and testified that he merely volunteered to help her and her children alight when he saw her arise from her seat in the car as the train was slowing up. The defendant asked the court to grant an instruction, referred to in the opinion as the sixth instruction, that the jury could not award any punitive damages, but this instruction was refused, and the court instead granted at the instance of the plaintiff an instruction that the jury might award punitive damages if they should find the plaintiff under the facts to be entitled to any.

The verdict of the jury was in favor of plaintiff in the sum of two thousand five hundred dollars.

*Mayes & Longstreet,* for appellant.

The evidence reveals so plainly the lack of any wantonness, willfulness, capriciousness, or conscious negligence on the part of the appellant's flagman, the only employee alleged to have been in error, that it is exceedingly difficult to realize how the court below should have permitted the jury to award punitive damages.

The rule has been laid down and repeated in numerous cases in this state that mere negligence, unless so gross as to show a conscious disregard of the rights of others, cannot justify the imposition of punitive damages. The cardinal principle is that there must be something more than carelessness or inattention. There must be a manifest intent to willfully disregard the rights of passengers, or to treat them with indignity or insult.

A brief review of the leading cases of this state on the subject of punitive damages will fully sustain our contention that the court was in error in its charge.

100 Miss.—7

In *Chicago, etc. R. Co.* v. *Scurr,* 59 Miss. 456, the court says in its opinion: "We are prepared to go a step further and say that in any and all actions for damages where the proof fails to show intent that will warrant an imputation of willfulness, recklessness, or rudeness, it is the duty of the court to instruct the jury when requested so to do that they cannot inflict punitive damages." The court's summing up is as follows: Full compensation for thoughtlessness, and carelessness, exemplary punishment for recklessness, willfulness and insult."

We next call attention to the opinion of Judge Terral in *Vicksburg, etc. Co.* v. *Marlitt,* 78 Miss. 873:

"It has been held in this state that punitive damages may be recovered only in cases where the act complained of are characterized by malice, fraud, oppression or willful wrong, evincing a disregard of others. There must be some element of one or more of the qualities or properties named relating to the act made the ground of the action before exemplary damages can be inflicted." In *Cumberland Telephone, etc. Co.* v. *Allen,* 89 Miss. 832, the court has held: There is nothing which shows willfulness, oppression or willful disregard of the rights of the appellee or any other willful wrong. There must be some element of one or more of the properties named relating to the act made the ground of action before exemplary damages may be inflicted." The court also says that in this case the testimony undoubtedly shows that the appellant was somewhat careless in the matter, but it was clearly certain that there was no willful or intentional wrong and, therefore, that the measure of damages in the case is the actual damage sustained by the appellee.

In the case of *Yazoo, etc. R. Co.* v. *Mitchell,* 83 Miss. 179, the court holds that unless the action of the defendant's servant was due to malice or deliberate design, or willfulness, or wantonness, or capriciousness or reck-

lessness, plaintiff could only be awarded actual and pe-
cuniary damages. The idea that the railroad company
could be penalized in punitive damages under the facts
in this case if mere carelessness was displayed without
the above designated qualities is expressly negatived.

It may not be amiss to note here that this case has been
cited as authority for the contention that the hitherto
conceded power of trial courts to decide upon the ques-
tion of submitting matter of imposition of punitive dam-
ages to juries has been abridged and curtailed. On the
contrary, the power and discretion lodged in trial courts
upon this question is here expressly and strongly em-
phasized. What is held is that if the court, which has
the right and power to decide, finds in its judgment no
reasonable explanation of why the employee failed in his
duty, then he can submit it to the jury under proper in-
structions as to whether there was malice, deliberate
design, willfulness or wantonness in his act.

In *Southern Ry. Co.* v. *Lanning,* 83 Miss. 161, it was
held that if the wrongful action of the railroad company
was malicious, wanton or capricious, then punitive dam-
ages could be recovered, but that if the wrong was oc-
casioned by failure to see the signal because of mere
negligence on the part of the employee, without the above
mentioned elements the plaintiff was entitled to recover
only compensatory damages.

In *Yazoo, etc. R. Co.* v. *White,* 82 Miss. 120, the same
doctrine is laid down as in the Mitchell case. See, also,
*Burns* v. *Alabama, etc. R. Co.,* 47 So. Rep. 640.

So we see that by the Mississippi court a long line of
decisions lay down the doctrine in no uncertain terms
that even negligence, unless so gross as to amount to
willfulness, wantonness or conscious disregard of the
rights of others, cannot justify the imposition of puni-
tive damages.

But admitting for the sake of argument, that punitive
damages were allowable in this case, the verdict was so

excessive as to shock the conscience and prove conclusively that the jury was laboring under prejudice or wrongful feelings. This is a typical case of that class of cases recognized by law in which the jury have gone beyond their duty as protectors of the public, and hence the court has a right to intervene to prevent this power of the jury being converted into an instrument of oppression.

There is no proof that any pecuniary damages were sustained. Mrs. Hughes was not compelled to pay for transportation back to Vicksburg, nor from Vicksburg to Natchez on the second morning. She spent the night at her home in Vicksburg, and there is no proof that she incurred any expense on that occasion. Nor does she claim that she suffered any with the exception of headache, sleeplessness, fright and nervousness and fright was caused by the thought of having to spend the night at an unknown station surrounded by negroes, although the record shows that there was nothing in the conduct of the negroes to raise that *apprehension*. There was only one with whom she held any conversation, and he replied to her courteously. Within two or three minutes from the time she alighted at the station, she was in the store of a white man, who treated her with the utmost consideration. Her alleged suffering, therefore, have no substantive basis; her apprehensions were purely conjectural and speculative, and no reasonable grounds for same. Her mental pain and anxiety arose from imaginary and not real ills and formed no basis for recovery of damages. They certainly did not arise from physical injury, as none is shown, and no physical suffering, save her headache.

*Henry, Fox & Canizaro,* for appellee.

Under the evidence in this case there was either no negligence and no wrong at all, or there was a willful or reckless wrong. The jury found that the flagman put

Mrs. Hughes off of the train at Glass, knowing that it was Glass and not Harriston, and knowing also that she desired to go to Harriston; and they further found that Mrs. Hughes asked the flagman the question whether the place was Harriston, to which he answered twice in the affirmative. If the flagman did not know what her question was, he could easily have known by the exercise of the slightest care, and he did not exercise such care. Hence here was a case of willful negligence, for which punitive damages are recoverable. *Davis* v. *Yazoo, etc. R. Co.*, 49 South. 179; *Illinois, etc. R. Co.* v. *Harper*, 83 Miss. 561; *Western Union, etc. Co.* v. *Hiller*, 47 South. 377; *Wilson* v. *New Orleans, etc. R. Co.*, 63 Miss. 352; *Yazoo, etc. R. Co.* v. *White*, 82 Miss. 120, 33 South. 970; *Southern Ry. Co.* v. *Lanning*, 83 Miss. 161, 35 South. 417; *Vicksburg, etc. Co.* v. *Patton*, 31 Miss. 156; *Yazoo, etc. R. Co.* v. *Roberts*, 88 Miss. 80.

Argued orally by *J. C. Longstreet*, for appellant.

Whitfield, C. J., delivered the opinion of the court.

Manifestly this is no case for the imposition of punitive damages. It was, therefore, fatal error to refuse the defendant the sixth instruction, charging the jury not to award punitive damages.        *Reversed and remanded.*